OPINION
This appeal, having been heretofore placed on the accelerated calendar, is being considered pursuant to App.R. 11(E) and Local Rule 12. Pursuant to Local Rule 12(5), we have elected to issue a full opinion in lieu of a judgment entry.
The defendant-appellant, Mark Barnett ("appellant"), appeals the decision of the Seneca County Court of Common Pleas adjudicating him to be a sexual predator pursuant to R.C. 2950.09. For the following reasons, we affirm the judgment of the trial court.
The procedural history of this case is as follows. On May 23, 1988, the appellant plead guilty to one count of aggravated burglary, in violation of R.C. 2911.11(A)(3) and one count of sexual battery, in violation of R.C. 2907.03(A)(1). The appellant was sentenced to a term of seven to twenty-five years of imprisonment on the first charge and a term of two years on the second. The sentences were ordered to be served concurrent to each other.
While serving his prison term, the Ohio Department of Rehabilitation recommended that the appellant be classified a sexual predator. A hearing was held on October 7, 1999, in the Seneca County Court of Common Pleas. At the conclusion of the hearing, the trial court found that the appellant was a sexual predator pursuant to R.C. 2950.09. It is from this judgment that the appellant appeals, asserting two assignments of error.
 Assignment of Error No. 1 The provisions of Ohio Revised Code § 2950.09(B)(2) encroach on the judicial powers as set forth in the Ohio Constitution and therefore are unconstitutional.
The appellant contends that the factors prescribed in R.C.2950.09(B)(2) encroach upon the judicial power, in violation of the separation of powers implicit in the Ohio Constitution. For the following reasons, we disagree.
Revised Code § 2950.09(B)(2) provides that "in making a determination * * * as to whether an offender is a sexual predator, the judge shall consider all relevant factors including, but not limited to, all the following." The statute then lists ten factors which include the offender's age, prior criminal record, mental illness, the number and age of the victims, whether alcohol or drugs were involved, whether threats were used or a pattern of abuse was demonstrated, and any additional behavioral characteristics that contribute to the offender's conduct.
The appellant argues that, in prescribing these factors, the legislature impermissibly encroached on the powers of judiciary. The appellant's argument is based on the Second District Court of Appeals recent ruling in State v. White (Nov. 5, 1999), Miami App. No. 98-CA-37, unreported. In White, the court held that it was beyond the scope of the General Assembly to prescribe particular factors that a trial judge must consider when finding a fact. The court also held that the underlying purpose of R.C. 2950.01 could be accomplished by eliminating the factors prescribed in R.C.2950.09(B)(2). Trial courts should be free to make the requisite findings of fact without being mandated to consider certain facts.Id. at 12.
The factors listed in R.C. 2950.09(B)(2) are a non-exclusive list of guidelines promulgated by the General Assembly in an attempt to bring uniformity to the sexual predator classification process. The statute clearly states that "the judge shall consider all relevant factors, including, but not limited to, all of the following * * *." Thus, a court is not prevented by the statute from considering other relevant matters.
As the court in White points out, factors courts are required to consider are commonplace in the laws of this state. The sentencing guidelines promulgated by Senate Bill 2 are fraught with factors and guidelines a trial court must consider in imposing a sentence against a defendant. Revised Code 3105.18
sets forth factors that trial courts are required to consider in establishing child support. The Second District attempts to subtly distinguish the factors under R.C. 3105.18 from those at issue in this case. We fail to follow their reasoning and find no distinction between the factors at issue here and the numerous other factors prescribed by the General Assembly.
We agree with the dissent in White and find that the mandated factors of R.C. 2950.09(B)(2) do not encroach upon the powers of the judiciary. Accordingly, the appellant's first assignment of error is overruled.
 Assignment of Error No. 2 Notwithstanding the unconstitutionality of the statute, the lower court erred in applying the statute when it found that the defendant's actions qualify him to be classified as a sexual predator without following the mandates and requirements of the Ohio Revised Code § 2950.01 et seq.
 The appellant contends that the trial court erred in finding him to be a sexual predator. Specifically, the appellant maintains that the court's decision is not supported by clear and convincing evidence. For the following reasons, we disagree.
We must first note that R.C. 2950.09(E) defines the term "sexual predator" as follows.
 A person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses.
Revised Code 2950.09(C)(2) states that after reviewing all testimony, evidence, and the factors listed in R.C. 2950.09(B)(2), the court shall determine by clear and convincing evidence whether the offender is a sexual predator. The Supreme Court of Ohio stated the following with respect to the term "clear and convincing evidence."
 [It] is that measure or degree of proof which is more than a mere `preponderance of the evidence,' but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.
State v. Schiebel (1990), 55 Ohio St.3d 71, 74, citing Cross v.Ledford (1954), 161 Ohio St. 469.
The appellant first challenges the evidence presented by the State in this matter. The evidence in this matter consisted of a post-sentence report prepared eleven years ago, at the time the appellant was sentenced. Given that this was the only evidence presented by either party, the trial court's determination was based solely on this report.
The Supreme Court of Ohio in State v. Cook (1998), 83 Ohio St.3d 404, held that a sexual predator determination hearing is similar to a sentencing or a probation hearing in that it is well-settled that the Ohio Rules of Evidence do not strictly apply. Id. at 425. Thus, the Court concluded that reliable hearsay may be relied upon by the trial judge in deciding whether to classify an offender as a sexual predator. Id. We have previously held that a pre-sentence investigation report is intrinsically unbiased, reliable, and trustworthy and therefore proper evidence in a sexual predator hearing. State v. Marker
(Sept. 1, 1999), Seneca App. No. 13-99-05, unreported.
The appellant also contends that the evidence in this case is inadequate as a matter of law. Specifically, the appellant argues that the information in the post-sentence report does not prove by clear and convincing evidence that the appellant is likely to commit another sexually oriented offense.
In this case, the evidence shows that the appellant broke into the victim's house and for two and a half hours repeatedly beat and raped the victim. The victim was raped vaginally, anally, and orally. He continually threatened to kill the victim if she did not cooperate and punched her several times in the face. The appellant made the victim shower before he left in an attempt to destroy the physical evidence. From this evidence, the trial court concluded that the appellant displayed a pattern of abuse and cruelty. The court also considered that the appellant had an extensive criminal record and had failed to meet the goals of probation when placed on probation in the past. The appellant presented no evidence in his favor.
The trial court carefully weighed all the relevant factors, including those set forth in R.C. 2950.09(B)(2). The court specifically based its determination on the fact that the conduct occurred over a two and a half hour time span, indicating a pattern of abuse. The court also found that conduct to be extremely violent and the threats made to the victim during the attack show the cruel nature of the appellant's actions. Thus, the court had sufficient evidence that the appellant is likely to commit sexually oriented offenses in the future. Accordingly, the appellant's second assignment of error is overruled.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 SHAW and BRYANT, JJ., concur.